UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.09-60422-CIV-DIMITROULEAS/SNOW

CHARLES WAGENHEIM,

       Plaintiff,

vs.

GC WORKS, INC., et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

       THIS CAUSE is before the Court on the plaintiff's Motion for Attorney's Fees (DE 58), which was referred to United States Magistrate Judge Lurana S. Snow.  The defendants have filed a response to the motion (DE 67), and the plaintiff has filed a reply (DE 70).  The motion is ripe for consideration.

### I. PROCEDURAL BACKGROUND

       This is a proceeding to enforce the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 207.  The case was tried to a jury, and resulted in a damage award to the plaintiff of $11,676.26.  The plaintiff seeks an award of attorney's fees, pursuant to 29 U.S.C. § 216(b), and to tax costs against the defendants.

       The plaintiff requests a total fee award of $28,262.50, consisting of 17.70 hours expended by attorney Gregg Shavitz at the rate of $350.00 per hour; 84.3 hours by attorney Camar Jones at the rate of $250.00 per hour; 6.10 hours by paralegal Iris Zambrano at

the rate of $100.00 per hour; .30 hours by paralegal Glenda Gilles
at $75.00 per hour; .10 hours by paralegal Adriana Castrillon at
the rate of $100.00 per hour, and 4.20 hours by paralegal Johann
Semexant at the rate of $100.00 per hour.  The plaintiff also seeks
$653.38 in costs, consisting of the $350.00 filing fee, $105.00 for
service of process, $125.00 in deposition costs and a $73.38
witness fee.  In support of his motion, the plaintiff has submitted
billing records from the Shavitz Law Group, LLC, and the expert
affidavit of William Julien, Esq.

## II. RECOMMENDATIONS OF LAW

The FLSA, 29 U.S.C. § 216(b), provides that in a case
where an employer who is found liable for violating § 206 or 207 of
the Act, the court shall award a reasonable attorney's fee and
costs in addition to the judgment awarded to the plaintiff or
plaintiffs.  The award of fees to prevailing plaintiffs is
mandatory.  Kreager v. Soloman & Flanagan, P.A., 775 F.2d 1541,
1542 (11th Cir. 1985).  The defendant does not dispute that the
plaintiff prevailed in the instant case.

This Court must calculate a reasonable attorney fee by
utilizing the "lodestar" method described in Hensley v. Eckerhart,
461 U.S. 424 (1983), which held that "the most useful starting
point for determining the amount of a reasonable fee is the number
of hours reasonably expended on the litigation multiplied by a
reasonable hourly rate," since this computation "provides an

objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984).  The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates.  Norman, 836 F. 2d at 1299.

In assessing the relevance of the fee comparables provided by the applicant, the court may consider the factors enumerated in Johnson v. Georgia Highway Express Co., 488 F.2d 714, 717-19 (5th Cir. 1974): the novelty and difficulty of the issues; skill required to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client, and awards in similar cases. Norman, supra, at 1299-1300.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. "In a statutory fee case, the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." Hensley, 461 U.S. at 433; Norman, 826 F. 2d at 1301.

4

A. <u>Hourly Rate</u>

      The plaintiff seeks compensation of attorney Gregg Shavitz, Esq., at the rate of $350.00 per hour and of attorney Camar Jones at the rate of $250.00 per hour.  The plaintiff requests a fee award for paralegals at the rate of $100.00 per hour, except for Glenda Giles, for whom the plaintiff requests $75.00 per hour.  In support of these rates, the plaintiff has cited a 2006 case in this District where Mr. Shavitz was awarded fees at the rate of $350 per hour, as well as cases where he was retained by employers at that rate.  Additionally, Mr. Shavitz specializes in FLSA cases and has represented more than 3000 plaintiffs since he began practice in 1994.  As to Mr. Jones, the plaintiff lists four cases in this District where Mr. Jones has been awarded fees at the rate of $250.00 per hour and six cases where he has billed defendants at that rate.  The declaration of William Julien, Esq., supports these rates, which Mr. Julien believes are consistent with the rates of lawyers in this community with similar skills, experience and reputation.

      In response, the defendants argue, in conclusory fashion, that the rates claimed for lawyers and paralegals are excessive and should be reduced.  The defendants do not suggest what rates would, in their opinion, be reasonable and consistent with rates charged for similar services in this community, and have not offered any affidavits or other evidence in support of their position.

Based on a review of the record in this cause, the evidence offered by the plaintiff, and the Court's own familiarity with prevailing rates charged by lawyers in this District for FLSA cases, the undersigned finds that the rates requested by the plaintiff are reasonable and should be awarded by the Court.

B. Hours Billed

The plaintiffs seek an award for a total of 112 hours of attorney and paralegal time.  The plaintiff points out that his repeated attempts to settle this case were unsuccessful.  The declaration of William Julien, Esq., avers that the hours expended by counsel for the plaintiff are reasonable for the work performed.

In their five-page response defendants have posed a number of objections, including: (1) Mr. Shavitz played a minimal role in the case, and his 17.7 claimed hours are not justified; (2) some tasks performed by attorneys and paralegals appear to be more clerical than legal in nature; (3) hours billed prior to filing the complaint, including drafting a demand letter, are not compensable; (4) charges for discovery-related matters after the discovery cutoff date should not be allowed; (5) no fee award should be made for hours spent on an offer of judgment; (6) a number of the billing entries are duplicitous, and (7) the inclusion of five hours "to be incurred" in filing a reply to the defendants' response is not reasonable.

The defendants have cited a few examples to illustrate their objections, which they argue are "by no means and [sic] exhaustive list of entries which illustrate numerous entries which should be deemed not reasonable . . . . and support Defendants' position that the fees sought, over 100 hours, is excessive and must be significantly reduced." (DE 67 at 4).  They have not provided any guidance on how this Court should reduce the hours claimed by the plaintiff.  The defendants also urge this Court to sanction the plaintiff for discussing the amount of their settlement offer.

The plaintiff replies that the claimed amounts were justified, and correctly points out that the defendants did not make specific arguments as to all the time entries which they consider to be objectionable.  The undersigned will consider only the specific listed objections of the defendants.  Of these, the undersigned finds to be meritorious the defendants' objections to clerical tasks performed by paralegals, as follows:

(1) March 4, 2009, charge for telephone conference with client to advise received paperwork via fax: $10.00;

(2) March 23, 2009, charge for docketing an order: $10.00;

(3) April 2, 2009, charges for receipt and docketing of pleadings: $20.00;

7

(4) May 7, 2009, charge for receipt and docketing of order: $60.00,

(5) March 9, 2010, charge telephone call to client ensure he was on way to courthouse: $10.00.

Additionally, the defendants have objected to certain entries as duplicitous.  While not duplicitous, some charges on the days mentioned by the defendants involve paralegal charges for clerical tasks, as follows:

(1) January 20, 2010, charge for receipt and docketing of an order: $10.00;

(2) March 2, 2010, charge for receipt and docketing of a notice: $10.00, and

(3) March 11, 2010, charges for receipt and docketing of trial documents: $70.00.

Accordingly, the fee award should be reduced by a total of $200.00 for clerical tasks performed by paralegals.

Also, the fee award should be reduced by $1250 for five hours identified in the motion as the anticipated billing for drafting the plaintiff's reply to the defendant's response to the instant motion. The defendants objected to this undocumented billing.  The plaintiff, who did not discuss this issue in the reply, could have submitted an affidavit of the actual time as an exhibit to the reply, but did not do so.

The undersigned rejects the defendants' objections to Mr. Shavitz' 17.7 hours of billable time; hours billed prior to filing

8

the complaint; time for drafting the complaint and discovery on April 19, 2009; telephone conferences with process servers; attempted phone calls; unspecified billings for discovery after the discovery cutoff; billing connected with the offer of judgment, and billing by two attorneys for trial preparation, as lacking sufficient detail and evidentiary support.  The undersigned also declines to impose sanctions against the plaintiff for discussion of the amounts offered in settlement, which amounts were not considered in connection with this Report and Recommendation.

Accordingly, the plaintiff's request for attorneys fees should be reduced by a total of $1450, subject to submission by the plaintiff of the billing entry for preparation of the reply memorandum.

C. Costs

The plaintiff seeks $653.38 in costs, consisting of the $350.00 filing fee, $105.00 for service of process, $125.00 in deposition costs and a $73.38 witness fee.  The defendants have not objected to the claimed costs, and the undersigned finds that the costs properly are taxable to the defendant under the FLSA and 28 U.S.C. § 1920.

III. CONCLUSION

For the foregoing reasons, and being duly advised, it is hereby

RECOMMENDED that the plaintiff's Motion for Attorneys' Fees [and Costs] (DE 67), be GRANTED, in part, as follows:

1. The plaintiff should be awarded fees in the amount of $26,812.20, and

2. Costs in the amount of $653.38 should be taxed to the defendant.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of August, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record